**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Reginald J. Dean, | |
| **Plaintiff,** | **Case No.** |
| **vs.** | **Jury Trial Demanded** |
| **CITY OF CHICAGO and DEPARTMENT OF INNOVATION AND TECHNOLOGY,** | **Judge:** |
| **Defendants.** | |

## COMPLAINT

Plaintiff, REGINALD J. DEAN ("Dean"), for his complaint against Defendants, CITY OF CHICAGO ("City") and DEPARTMENT OF INNOVATION AND TECHNOLOGY ("DOIT"), states as follows:

## INTRODUCTION

1. The Plaintiff is a 55-year-old African American who is a Programmer Analyst and has been employed by the Defendants for over 12 years.

2. This action is brought by Plaintiff, an employee of Defendants, pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-3(e) et seq., as amended; and The Civil Rights Act of 1866, 42 U.S.C. § 1981 et seq; and U.S.C. Sec. 623 et seq.

3.  Plaintiff has fully complied with the procedural requirements of Title VII. He filed charges with the U.S. Equal Employment Commission ("EEOC"), which cross-files with the Illinois Department of Human Rights ("IDHR"), as required by Section 42 U.S.C. § 2000e-5(e)(1) on May 30, 2019 (attached hereto as Exhibit "A").

4.  Exhibit A is a true and accurate copy of Plaintiff's charge of discrimination.

5.  On September 2, 2020, the EEOC issued Plaintiff a right to sue letter. (attached hereto as Exhibit "B").

6.  Exhibit B is a true and accurate copy of EEOC's right to sue letter issued to Plaintiff.

## JURISDICTION AND VENUE

7.  Jurisdiction over Plaintiff's claims are conferred by 28 U.S.C. §§ 1331 and 1343. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the acts complained of arose in this district, and under; for discrimination and retaliation under Title VII of the Civil Rights Act of 1964 as Amended, 42 U.S.C. § 2000e-2(a), for discrimination under the Age Discrimination in Employment Act, 29 U.S.C.A. § 623(a). In addition, the Court has supplemental jurisdiction over Plaintiff's state law claims under 42 U.S.C. §1988.

## PARTIES

**8.** At all relevant times to this Complaint, Plaintiff Dean was employed by the Defendant City of Chicago, and a resident of the State of Illinois, County of Cook, Chicago.

9. At all times relevant to this Complaint, Defendant, the City of Chicago, was and is an Illinois Municipal Corporation with its principal place of business in the State of Illinois, County of Cook, City of Chicago. Defendant Department of Innovation and Technology is an entity that operates as a division or department of Defendant City of Chicago.

10. At all times relevant to this Complaint, Defendants were organized and existing under the laws of the State of Illinois with its principal place of business in Chicago, Illinois.

11. At all times relevant to this Complaint, the City of Chicago, operated the Department of Innovation and Technology within the City of Chicago, under its Municipal Government authority and control.

12. Dean refers to the defendants herein collectively as "City."

13. At all relevant times to this Complaint, Plaintiff was an employee of the City of Chicago.

14. City is also an employer subject to suit under Title VII and § 1981 such that City is in an industry affecting commerce and had 15 or more employees in each of 20 or more weeks in the current or preceding calendar year.

## FACTUAL ALLEGATIONS

15. Dean is an African American male born on January 18, 1965.

16. On or about August 16, 2007, Dean began working for the City of Chicago as a Programmer Analyst in the Department of Children and Family Support services.

17. In or around January 4, 2016, Dean was involuntarily transferred to the Department of Innovation and Technology (DOIT) as a Programmer Analyst.

18. On or about June 7, 2016, Dean filed a complaint against the City alleging bias and discrimination. Thereafter, on June 30, 2016, Dean was improperly and wrongfully laid off , being the only African American 50+ year old male affected by a lay off in a department of over 99 City of Chicago employees.

19. On or about July 1, 2016, the Union obtained a lower level position for Dean as a Program Analyst for the Department of Family and Support Services (DFSS). Dean visited Personal Support Program (PSP) counselor, Joleen D. Hartland, on August 30, September 7, and October 4, 2016 to discuss harassment and retaliation experienced at DFSS. Dean informed the counselor of the anxiety that he felt, being subjected to race and age-related harassment and retaliation, for which his Doctor had prescribed an anxiety medication.

20. Dean stayed at the DFSS until December 15, 2017, at which time he was able to make a move to the Chicago Department of Aviation (CDA).

4

21. Dean has worked for the City of Chicago for over twelve (12) years, is well-respected by his fellow employees, and has an excellent record of high-quality work, initiative and work productivity.

22. Dean engaged in protected activity by further filing a claim with the City of Chicago Labor Relations Manager, and several claims and grievances with the AFSCME Local 2912, the union for the DOIT and Local 1669, the union for the Department of Child and Family Support, with copies of such charges forwarded to the City Human Resources department, referencing harassment and discrimination based upon race, age and gender.

23. Dean stated to Human Resources that he believed he was being retaliated against due to his exercising his civil rights.

24. Neither the City of Chicago Department of Innovation and Technology, the City of Chicago Department of Children and Family Support, or the City of Chicago Department of Aviation have or had any legal standing. They are (or were) part of, funded by, operate under, managed by and responsible to the City of Chicago.

25. Dean was at all times relevant to this cause of action, an employee of the City and received a payroll check from the City.

26. The City retaliated against Dean for complaining to H.R. of bias and unfair treatment, being shifted to department after department in lesser roles, responsibilities and positions, all damaging his upward mobility in his career.

27. Dean applied for a Senior Programmer/Analyst position (ID 314557) to his former manager, Jonathan Lam, in November 2018, at Lam's new department, the City of Chicago Department of Fleet and Facilities Management (2FM). Lam prevented Dean from receiving a promotion by refusing to interview with him.

28. Dean re-applied for Senior/Programmer Analyst, for which he was well qualified, (ID 320376) at 2FM about March 20. 2019. When Dean received no interview he complained to Labor Relations Manager, Lori Novak, that he was being prevented from receiving promotional opportunities, and she suggested he seek legal counsel.

29. On May 1, 2019, Dean received an interview invitation from 2FM's H.R. Manager, Paul Plantz, and was interviewed on May 17, 2019.

30. On May 21, 2019, Dean received a rejection letter from 2FM H.R. Manager Paul Plantz.

31. On July 15, 2019, Dean informed AFSCME Council 31 Representative that the same Senior Programmer/Analyst position (ID 320370) had been posted for a 3rd time under a different ID number.

32. On July 29, 2019, Dean re-applied for Senior Programmer/Analyst position (ID 320376), and informed by email, both Director Lam and H.R. Manager Plantz, that he applied for the 3rd time, and attached a full summary of his experience and qualifications.

33. Dean, having received no response, is still being foreclosed from any promotional opportunities.

## COUNT I

**(Title VII – Race based Hostile Work Environment)**

34. Plaintiff hereby incorporates all of the preceding paragraphs as if fully re-stated herein.

35. Dean, an African American, is a member of a class protected under Title VII.

36. City committed an unlawful employment practice by subjecting Dean to a hostile work environment in which he was subjected to ongoing harassment, and discrimination based upon Dean's race.

37. City knew that Dean complained to H.R. about the harassment and discrimination yet caused and continues to cause Dean to suffer great emotional distress for which  he continues to receive prescribed anxiety medication.

39. The conduct of City occurred over several years constituting a continuing course of discrimination toward Dean, and the hostile environment caused Dean to suffer was exhibited through his hypertension, insomnia, and high anxiety.

40. City acted intentionally and with callous disregard for Dean's clearly established rights. Dean's complaints to DOIT Human Resources Manager

Barbara Araszewski and DFSS Human Resources Manager Monica Rafac, fell on deaf ears, and Dean was left to suffer.

41. As a direct and proximate result of City's violation of Title VII, Dean has suffered severe and substantial damages. These damages include litigation expenses including attorneys' fees, reputation, humiliation, embarrassment, inconvenience, loss of salary and benefits due to failure to promote, mental and emotional anguish and distress and other compensatory damages, in an amount to be determined by a jury and the Court.

## COUNT II

### (Title VII – Retaliation Claim)

42. Plaintiff hereby incorporates all of the preceding paragraphs as if fully re-stated herein.

43. Dean engaged in statutorily protected activity when Dean (1) complained about harassment, being treated with bias and discrimination to DOIT Director Jonathan Lam, Human Resources Manager Barbara Araszewski; and (2) complained to DFSS Human Resources Manager Monica Rafac about harassment and discrimination in May of 2016; and (3) complained to PSP Counselor Joleen D. Hartland in August, September and October of 2016 about DFSS's harassment and retaliation causing him anxiety at being subjected to race and age related harassment and retaliation; and (4) filed a charge with the EEOC on May 30, 2019 detailing City's harassment, discrimination and retaliation.

44. In response to Dean's protected actions, City subjected Dean to adverse employment actions including: (1) a hostile work environment, which was aggravated by psychological injury; and (2) diminished responsibilities and authority.

45. Additionally, Dean has filed another new charge with the EEOC dated December 1, 2020, stating continuing action of causes of discrimination by City, based upon race, age, retaliation, hostile work environment, and denial of promotion applications and refusing promotional opportunities, against City. Plaintiff is awaiting a requested Notice of Right to Sue from the EEOC, at which time he will seek to file an Amended complaint consolidating these charges.

46. By ignoring Dean's complaints, City has condoned and endorsed City's Departmental Management of retaliatory and discriminatory conduct that has caused Dean substantial emotional and psychological harm in the form of insomnia, hypertension, and high anxiety, and exacerbating his serious condition of asthma.

47. As a direct and proximate result of City's violations of Title VII, Dean has suffered severe and substantial damages. These damages include litigation expenses including attorneys' fees, loss of reputation, humiliation, embarrassment, inconvenience, loss of salary and benefits due to failure to promote, mental and emotional anguish and distress and other compensatory damages, in an amount to be determined by a jury and the Court.

## COUNT III

### (Race based Hostile Work Environment in Violation of § 1981)

48. Plaintiff hereby incorporates all of the preceding paragraphs as if fully restated herein.

49. City violated § 1981 when it knowingly subjected Dean to a hostile work environment as alleged in Count I.

50. As a direct and proximate result of City's violations of § 1981, Dean has suffered severe and substantial damages. These damages included litigation expenses including attorney's fees, loss of salary and benefits due to failure to promote, loss of reputation, humiliation, embarrassment, inconvenience, mental and emotional anguish and distress and other compensatory damages, in an amount to be determined by a jury and the Court.

## COUNT IV

### (Retaliation in Violation of § 1981)

51. Plaintiff hereby incorporates all of the preceding paragraphs as if fully restated herein.

52. City violated § 1981 when it knowingly failed to stop it's Departmental Management from retaliating against Dean for engaging in statutorily protected conduct as alleged in Count II.

53. As a direct and proximate result of City's violations of § 1981, Dean has suffered severe and substantial damages. These damages included litigation expenses including attorney's fees, loss of reputation, humiliation, embarrassment, inconvenience, loss of salary and benefits due to failure to promote, mental and emotional anguish and distress and other compensatory damages, in an amount to be determined by a jury and the Court.

## JURY DEMAND

54. Plaintiff requests a trial by jury.

WHEREFORE, Plaintiff requests that judgment be entered in his favor and against Defendants and that Plaintiff be awarded:

    a) An order awarding Plaintiff compensatory and punitive damages in an amount to be determined at trial;

    b) An order awarding Plaintiff his costs, including reasonable attorneys' fees; and

    c) Such further relief as this Court deems necessary, just and proper.

Dated: December 1, 2020                Respectfully submitted,

                                      **Reginald J. Dean**

                                      By: /s/ Gary D. Abrams

Gary D. Abrams (# 0005010) – gda44@comcast.net
Gary D. Abrams and Associates, Ltd.
55 W. Monroe St., Suite 1200
Chicago, IL 60603
312-263-4085 – office  312-649-6959 --fax