**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| REGINALD J. DEAN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 20-CV-07106 |
| | ) | |
| v. | ) | Hon. Judge Edmond E. Chang |
| | ) | |
| CITY OF CHICAGO and | ) | Magistrate Judge Sheila M. Finnegan |
| DEPARTMENT OF INNOVATION | ) | |
| AND TECHNOLOGY, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CITY OF CHICAGO'S MOTION TO**
**DISMISS COUNTS I, III, AND IV, AND PORTIONS OF**
**COUNT II OF PLAINTIFF'S COMPLAINT AND TO STAY ITS**
**ANSWER TO THE REMAINDER OF PLAINTIFF'S COMPLAINT**

Defendant City of Chicago (the "City"), through its attorney, Celia Meza, Acting Corporation Counsel of the City of Chicago, moves to dismiss Plaintiff Reginald J. Dean's Complaint (CM/ECF #1) in part pursuant to Federal Rule of Civil Procedure 12(b)(6), and moves to amend the caption. In support of this motion, the City submits the following:

I.    **Allegations of the Complaint**[1]

Plaintiff Reginald J. Dean ("Dean") alleges he was employed as a Programmer Analyst by the City's Department of Children and Family Support Services (now the Department of Family and Support Services, "DFSS") since August 16, 2007, until he was "involuntarily transferred" to the Department of Innovation and Technology ("DoIT")[2] on January 4, 2016. Complaint at p. 4. He

---

[1] Solely for purpose of this motion, the City accepts the well-pleaded facts in Dean's Complaint as true, but declines to accept the legal and factual conclusions. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

[2] Effective November 26, 2019, DoIT was combined with the City's Department of Fleet and Facility Management to create the new operational Department of Assets, Information, and Services ("DAIS"). *See* Coun. J. 11-26-19, p. 11390, Art. III, §§ 3-4, repealed Ch. 2-68, which pertained to DoIT, and changed the name of Ch. 2-51 to, "Department of Assets, Information, and Services," which was formerly entitled "Department of Fleet and Facility Management."

alleges that after filing an unspecified complaint of discrimination and harassment against the City on June 7, 2016, he was "the only African American 50+ year old male" affected by a layoff occurring on June 30, 2016. Complaint at p. 4. Dean alleges the day after he was laid-off, on July 1, 2016, he was re-appointed to a "lower level position" as Program Analyst at DFSS, where he stayed until he was able to "make a move" to the City's Department of Aviation ("CDA") on December 15, 2017. Complaint at p. 4. Throughout that time, Dean alleges he filed grievances with his labor union "referencing harassment and discrimination based upon race, age, and gender," complained to "Human Resources" that he was being retaliated against, and complained of harassment and discrimination internally and to a Personal Support Program counselor in 2016. Complaint at pp. 4-5.

Dean further alleges that in November 2018, March 2019, and July 2019, he applied to a Senior Programmer/Analyst position with the City's Department of Fleet and Facility Management ("2FM"), for which he was either not interviewed or was interviewed for and rejected. Complaint at pp. 6-7. On May 30, 2019 – notably *after* Dean had already allegedly been both denied an interview and interviewed but subsequently rejected – Dean filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on race, sex, age, and disability, retaliation, and a hostile work environment ("EEOC Charge). Complaint at ¶ 3, Exhibit A. In his EEOC Charge, Dean claims he "has been harassed and discriminated against based on [his] age, race and gender," and that he "was the only African American 50+ male affected by a lay off in a department of over 99 City of Chicago employees." Complaint at Exhibit A.

## II.  Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). When considering a motion to dismiss under Rule 12(b)(6), the court must construe the operative complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts

and drawing all reasonable inferences in her favor. *E.g.*, *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013); *Iddir v. INS*, 301 F.3d 492, 496 (7th Cir. 2002).

The complaint must allege sufficient facts that, if true, would raise a right to relief above the speculative level, showing that the claim is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 549, 555 (2007). To be plausible on its face, the complaint must plead facts sufficient for the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 678.

## III. <u>Argument</u>

### A. DoIT is not a suable entity.

The Complaint lists both the City and DoIT as defendants. (CM/ECF #1.) DoIT was a department of the City, its commissioner was appointed by the City's mayor, subject to City Council's approval. Municipal Code of the City of Chicago § 2-68-010, *et seq.* "[C]ourts do not recognize organizational divisions of the City . . . as separate entities that can be sued in their own right." *Evans v. City of Chicago*, 2017 WL 11469777, at *2 (N.D. Ill. Dec. 18, 2017), *citing Chan v. Wodnicki*, 123 F.3d 1005, 1007 (7th Cir. 1997) ("The Chicago Police Department was dismissed because it was not a suable entity.") Notably, Dean himself acknowledges that DoIT lacks its own legal standing as an operational department within the City. Complaint at ¶ 24. Thus, to the extent Dean intended to include DoIT as an individual defendant, DoIT should be dismissed and the caption amended to reflect its dismissal.

### B. Dean's Title VII retaliation claim fails.

#### i. <u>Dean's Title VII retaliation claim based on his 2016 layoff is time-barred.</u>

As a precondition to the commencement of a Title VII action, a complainant must first file a charge with the EEOC within 300 days following the alleged discriminatory act. 42 U.S.C. § 2000e-5

and (f); *Fort Bend County, Texas v. Davis*, -- U.S. --, 139 S. Ct. 1843, 1846 (2019). In the Complaint, Dean

alleges he complained of discrimination on June 7, 2016 and was then laid-off from DoIT on June 30,

2016. Complaint at para. 18. Dean did not file a charge of discrimination with the EEOC on May 30,

2019. Complaint at para. 3 and Exhibit A.

Dean's Title VII retaliation claim premised on any allegedly adverse actions taken or protected

activity engaged in prior to August 3, 2018 (*i.e.,* 300 days before May 30, 2019), including his layoff

from DoIT in 2016, are time-barred and must be dismissed. *National R.R. Passenger Corp. v. Morgan*, 536

U.S. 101, 110-114 (2002) (the continuing violation doctrine does not apply to "discrete" and easily

identifiable acts "such as termination, failure to promote, denial of transfer, or refusal to hire," even

if those acts are related to earlier discriminatory or retaliatory acts over a continuous period); *Bass v.

Joliet Public School Dist. No. 86*, 746 F.3d 835, 839 (7th Cir. 2014) (finding that discrete acts, regardless

of their duration or repetition, and are not actionable if they took place outside the 300-day window.)

ii.  <u>Dean failed to exhaust his administrative remedies with respect to the allegedly denied
promotional opportunities.</u>

Although failure to exhaust administrative remedies is generally an affirmative defense, when

a plaintiff pleads facts showing that their claim is barred by that defense, it is appropriate to address it

in the context of a motion to dismiss. *McQueen v. City of Chicago*, 803 F. Supp. 2d 892, 903 (N.D. Ill.

2011), *citing Leskovec v. Circuit Works Corp.*, 2008 WL 5236006, at *2 (N.D. Ill. Dec. 15, 2008). "Scope

of the charge" challenges are appropriate at the motion to dismiss stage. *Id.* A plaintiff generally cannot

bring a Title VII claim that was not previously alleged in an EEOC administrative charge. *Id.* at 902.

In determining whether a claim is beyond the scope of an administrative charge, the court asks

whether the federal claims are "like or reasonably related to the allegations of the [EEOC] charge and

growing out of such allegations" or, put another way, whether "there is a reasonable relationship

between the allegations in the charge and the claims in the complaint, and the claim in the complaint

can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge."

*McQueen*, 803 F. Supp. 2d at 902, *citing Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994); *see also National R.R. Passenger Corp.*, 536 U.S. at 114 ("Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable "unlawful employment practice."); *Job v. Ill. Dept. of Human Services*, 2009 WL 155596, at *3 (N.D. Ill. Feb. 2, 2009) (plaintiff's failure to promote claim, which involved a different time period, actions, and individuals, was not reasonably related to her administrative claim of national origin discrimination and thus dismissal was proper).

In his May 30, 2019 EEOC Charge, Dean claims he "has been harassed and discriminated against based on [his] age, race and gender," and that he "was the only African American 50+ male affected by a lay off in a department of over 99 City of Chicago employees." Complaint at Exhibit A. Dean claims this harassment and discrimination was based on his age, race, gender, and disability, and that he was retaliated against. *Id.* Notably, Dean's allegedly denied promotions, to which he applied in November 2018, March 2019, and July of 2019, were not included in his EEOC Charge. *Id.* Because the denied promotions at 2FM were not included in his EEOC Charge and do not reasonably arise out of the same allegations, Dean failed to administratively exhaust those bases for his Title VII retaliation claim.

      iii.    <u>Assuming Dean includes his allegedly denied promotions in a new EEOC charge, they are time-barred</u>.

In his Complaint, Dean alleges he filed a new charge of discrimination with the EEOC on December 1, 2020, which includes the denied promotions. Complaint at ¶ 45. However, even assuming he did so and assuming Dean seeks to amend the Complaint to include such a charge, any Title VII retaliation claim based on the promotions would still be time-barred because Dean failed to file the charge with the EEOC within 300 days following the alleged discriminatory act. 42 U.S.C. § 2000e-5 and (f); *Fort Bend County, Texas*, 139 S. Ct. at 1846.

5

Dean alleges he applied for and was denied the promotions in November 2018, March 2019, and July 2019. Per his own allegations, he did not file an EEOC charge including these allegedly denied promotions until December 1, 2020 – well beyond 300 days after the alleged discriminatory or retaliatory acts. As such, Dean's Title VII retaliation claim based on the allegedly denied promotions fails.

      iv.   <u>Dean fails to plead a plausible causal connection between the 2016 internal complaints and any promotions, or the 2019 EEOC Charge and the November 2018 and March 2019 promotions</u>.

Dean's Title VII retaliation claim should be dismissed for failure to plead a plausible causal connection between the alleged protected activity in 2016 (internal complaints) and May 2019 (his EEOC Charge), and the allegedly denied promotions in November 2018 and March 2019. To plead a retaliation claim under Title VII, a plaintiff must allege that he engaged in statutorily protected activity and was subjected to adverse employment action as a result of that activity. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1029 (7th Cir. 2013). Even at the pleading stage, "a retaliation claim can indeed be so bare-bones that a lengthy time period between the protected activity and the alleged retaliation will make any causal connection between the two implausible." *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 828 (7th Cir. 2014), *citing Carmody v. Bd. of Trs. Of Univ. of Ill.*, 747 F.3d 470, 480 (7th Cir. 2014). "Typically, only a few days may pass between the protected activity and the adverse action '[f]or an inference of causation to be drawn solely on the basis of a suspicious-timing argument.'" *Marijan v. University of Chicago*, 2018 WL 3463272 at *5 (N.D. Ill July 18, 2018) (granting a motion to dismiss after finding that, because the lengthy time gap of 19-months prohibited an inference of causation, the plaintiff failed to plead a prima facie case for retaliation); *Brownlee v. Catholic Charities of the Archdiocese of Chicago*, 2017 WL 770997, at *7 (N.D. III. Feb. 28, 2017) (granting motion to dismiss because there was no causal link when there were thirty months between harassment complaint and termination). Additionally, allegedly adverse actions that take place *before* the protected activity cannot be causally

connected. *See Kuhn v. United Airlines, Inc.*, 640 Fed.Appx. 534, 539 (7th Cir. 2016) ("At a minimum, a causal connection requires that the relevant decision-makers were aware of the protected activity at the time they took the adverse action.")

> 1. *2016 internal complaints are too remote.*

Here, Dean fails to allege a plausible connection between his allegedly denied promotions, to which he applied in November 2018, March 2019, and July 2019, and the internal complaints of discrimination he made in 2016. Complaint at ¶¶ 18-19, 27-30. The time gap of over two years between his internal complaints and his promotional applications renders any inference of retaliation implausible.

> 2. *2019 EEOC Charge was filed <u>after</u> allegedly denied promotions in November 2018 and March 2019.*

Dean also fails to allege a plausible connection between the allegedly denied promotional opportunities that he applied for and was rejected from in November 2018 and March 2019 *before* he filed his EEOC Charge on May 30, 2019. Complaint at paras. 27-30. The Title VII retaliation claim in Count II must be dismissed.

**C. Dean fails to plead a hostile work environment in Count I.**

Dean fails to allege facts sufficient to plead a hostile work environment in Count I. To state a claim for hostile work environment, Dean must plausibly allege: (1) he was subject to unwelcome harassment; (2) the harassment was based on his membership in a protected class; (3) the harassment was severe or pervasive so as to alter the conditions of employment and create a hostile or abusive working environment; and (4) there is basis for employer liability. *Huri v. Office of the Chief Judge of the Cir. Ct. of Cook Cty.*, 804 F.3d 826, 833-34 (7th Cir. 2015). Dean has not plausibly alleged any of these elements in Count I. Dean does not identify how he was harassed, *i.e.*, what form that harassment took, nor does he allege any facts of racial animus, a pervasively hostile environment, or a basis for employer liability.

i.   Unwelcome harassment.

Even at the pleadings stage, bald recitations of the elements of a cause of action are insufficient to state a claim. *Iqbal*, 556 U.S. at 678. Here, Dean has simply alleged he was subjected to "harassment and discrimination based on his race" without providing any facts beyond stating that legal conclusion. Dean did not allege what form the harassment took, who engaged in harassment towards him, or when or where any harassment occurred. The only facts Dean alleged are isolated events separated by over two years at two different City departments: his time-barred layoff from DoIT in June 2016 and time-barred failed promotions to 2FM in November 2018, March 2019, and July 2019. Complaint at pp. 18, 27-28, 32.

While a plaintiff need not allege every detail of the basis for his complaint, failing to allege facts beyond mere conclusory statements and unrelated innocuous events does not state unwanted harassment. *See Salgado v. Graham Enterprise Inc.*, 2019 WL 3555001, at *3 (N.D. Ill. Aug. 1. 2019) (J. Ellis) (plaintiff alleging he was subject to different terms and conditions because of his national origin and being subjected to racial slurs by his coworkers and managers was insufficient to state a hostile work environment claim); *See, e.g., Boniface v. Westminster* Place, 2019 WL 479995, at *3 (N.D. Ill. Feb. 7, 2019) (J. Coleman) (dismissing plaintiff's claim because her allegations were vague and the complaint contained "no specific allegations suggesting that any conduct was physically threatening or verbally abusive or how it interfered with her work performance").

ii.   Harassment based on race.

A plaintiff need not show that the complained-of conduct was explicitly racial, but must show it had a racial character or purpose. *Vance v. Ball State Univ.*, 646 F.3d 461, 470 (7th Cir. 2011). "For a harassment claim to be plausible, there needs to be *some* discernable connection to the protected class. Title VII is not a 'general civility code' meant to remedy all workplace conflicts, but only those conflicts that are motivated by discrimination." *Sanders v. Chicago Transit Authority*, 2020 WL 5253867, at *3

(N.D. Ill. Sep. 3, 2020) (J. Chang) (emphasis in original), *citing Smith v. Ill. Dep't of Transp.*, 936 F.3d 554, 561 (7th Cir. 2019).

In the Complaint, Dean alleges he is a member of a protected class and vaguely alleges he was the "only African American 50+ year old male affected by a lay off" on June 30, 2016. Complaint at pp. 4-7. After being re-appointed to a "lower level position" the following day, on July 1, 2016, Dean alleges two years later he was repeatedly unsuccessful in applying to a more senior position. Complaint at pp. 4-7. Dean goes on to conclusively allege "he was subjected to ongoing harassment and discrimination based upon [his] race," without alleging any facts pertaining to any incidents whatsoever, much less any incidents involving a racial character or purpose, or who committed any offenses towards him. *Id.* at p. 7.

Beyond his conclusion that he was the only African American laid off from DoIT in 2016, Dean fails to allege any complained-of conduct or that any conduct had a racial character or purpose. *See Boss v. Castro*, 816 F.3d 910, 920 (7th Cir. 2016) ("quickly" dispatching hostile work environment claim for lack of a single racially offensive remark, email, or other hint of racial animus); *Haymon v. Metra*, 2020 WL 1548953 at *12 (N.D. Ill. Mar. 31, 2020) (J. Chang) ("Even holding Haymon to a less-stringent pleading standard, she still has to allege *some* facts to reasonably connect the misconduct with her race. But aside from the laughter and the "nappy head" comment—which were neither severe or pervasive, nor linked to an adverse employment action—all Haymon alleges is her identity. This is not enough, so the race discrimination claims must fail.") Dean fails to allege any facts of racial animus. As such, Count I must be dismissed.

       iii.   <u>Severe or pervasive harassment</u>.

"To rise to the level of a hostile work environment, conduct must be sufficiently severe or [pervasive] to alter the conditions of employment such that it creates an abusive relationship." *Huri*, 804 F.3d at 834 (emphasis in original). "In determining whether a workplace is objectively hostile, we

consider the totality of the circumstances, including: 'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Alamo v. Bliss*, 864 F.3d 541, 549-50 (7th Cir. 2017), *citing Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 23 (1993).

As discussed above, Dean has simply alleged he was the only African American laid off from DoIT in 2016 and he was subjected to "ongoing harassment and discrimination" based on his race, about which he complained internally to DFSS and ultimately to the EEOC in 2019. Complaint at pp. 19, 23, 36-37. Beyond Dean's bald claim that the "hostile environment [the City] caused [him] to suffer was exhibited through his hypertension, insomnia, and high anxiety," there is also nothing about the alleged incident or any subsequent conduct that was subjectively or objectively so severe or pervasive that it altered the conditions of his employment. *See Harris v. Chicago Transit Auth.*, 2015 WL 5307721, at *6 (N.D. Ill. Sep. 10, 2015) (J. Lee), *citing Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) ("offhand comments, and isolated incidents" insufficient to support claim for hostile work environment); *Patt v. Family Health Sys., Inc.*, 280 F.3d 749, 754 (7th Cir. 2002) (eight offensive gender-related comments "were too isolated and sporadic to constitute severe or pervasive harassment"). Because Dean has not alleged racially based incidents to constitute severe or pervasive harassment, Count I should be dismissed.

      iv.   <u>Employer liability</u>.

Under Title VII, an employer can be vicariously liable for a hostile work environment created by a supervisor, but is only liable for a hostile work environment created by a co-worker if the employer was negligent in discovering or remedying the harassment. *Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 848 (7th Cir. 2008). Again, Dean fails to allege any facts of harassment, including the manner he was harassed or who harassed him, so as to create employer liability *via* either a supervisor or the City's failure to remedy it. As such, Count I fails and must be dismissed.

10

**D. Dean fails to state a claim for relief for 1981 hostile work environment in Count III.**

    i.    <u>Dean fails to plead a hostile work environment</u>.

As discussed regarding Count I in section C, *supra.*, Dean again fails to plausibly allege each element of a hostile work environment claim in Count III. *See Huri*, 804 F.3d at 834 (when a plaintiff uses a constitutional claim as a parallel remedy to a Title VII hostile work environment claim, "the prima facie elements to establish liability are the same under both statutes.")

Besides claiming to be the only African American 50+ year old male laid off from DoIT on June 30, 2016, Dean's only allegations are bald conclusions that he was harassed and discriminated based on his race without any alleged incidents, much less any incidents involving a racial character or purpose. Complaint at p. 7. He also fails to allege how the hostile environment was pervasive, other than conclusively claiming it has caused him health problems. *Id.*, *see Boss*, 816 F.3d at 920; *see, e.g., Cole*, 838 F.3d at 897; *Haymon*, 2020 WL 1548953 at *12. There is nothing about the bare and conclusive "allegations" that was subjectively or objectively so severe or pervasive that it altered the conditions of his employment. *Huri*, 804 F.3d at 834. As such, Count III must be dismissed.

    ii.    <u>Dean fails to allege *Monell* liability under Section 1983</u>.

Count III of the Complaint purportedly arises under 42 U.S.C. § 1981. Complaint at p. 10. Section 1981 "protects the right of all persons to make and enforce contracts regardless of race." *Shott v. Katz*, 829 F.3d 494, 496-97 (7th Cir. 2016). Notably, Section 1981 creates substantive rights but not a private right to sue. To bring a damages claim against a state actor for violating Section 1981, a plaintiff must proceed under Section 1983. *Jett v. Dallas Independent School District*, 491 U.S. 701, 735 (1989); *Campbell v. Forest Preserve District of Cook County*, 752 F.3d 665, 671 (7th Cir. 2014). Therefore, Dean's claim for violation of Section 1981 in Count III must be viewed as brought pursuant to Section 1983.

11

Dean fails to state claims under 42 U.S.C. § 1983. A Section 1983 claim against a municipality requires factual allegations of (a) an express policy that, when enforced, causes a constitutional deprivation, (b) a widespread custom or practice that is so permanent and settled as to constitute a custom or usage with the force of law, or (c) the act of a person with final policymaking authority. *Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658 (1978); *Palka v. City of Chicago*, 662 F.3d 428, 434 (7th Cir. 2011), *citing Wragg v. Vill. of Thornton*, 604 F.3d 464, 467 (7th Cir. 2010).

Dean fails to identify any official express policy or a final policymaker taking action against him. Dean also fails to allege any factual content that would allow the Court to possibly infer that the City had a widespread, unofficial policy, practice, or custom that deprived him of his constitutional rights. *See McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). Without such facts, Dean fails to properly state a Section 1983 claim under *Monell*, and dismissal of Count III is warranted. *See Iqbal*, 556 U.S. at 678; *Monell*, 436 U.S. at 694.

**E. Dean fails to state a claim for relief for 1981 retaliation in Count IV.**

    i.    Dean fails to allege *Monell* liability under Section 1983.

As discussed with respect to Count III in section D, *supra.*, Dean fails to state a claim under 42 U.S.C. § 1983. In Count IV, Dean similarly fails to identify any official express policy or a final policymaker taking action against him, and fails allege any factual content that would allow the Court to possibly infer that the City had a widespread, unofficial policy, practice, or custom that deprived him of his constitutional rights. *See McCauley*, 671 F.3d at 616. Without such facts, Dean fails to properly state a Section 1983 claim under *Monell*, and dismissal of Count IV is warranted. *See Iqbal*, 556 U.S. at 678; *Monell*, 436 U.S. at 694.

     ii.   <u>Dean's Section 1981 retaliation claim based on his 2016 layoff is time-barred</u>.

Assuming, *arguendo*, Dean plead *Monell* liability under Section 1983 so as to state a claim for retaliation under Section 1931, any allegedly adverse actions taken more than two years before commencing this action on December 1, 2020 are time barred and must be dismissed.

Actions claiming retaliation in violation of Section 1981 are subject to a four-year "catch-all" statute of limitations. *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 383 (2004) (holding that 28 U.S.C. § 1658's four-year limitations period governs post-formation employment discrimination claims brought under § 1981 (*via* § 1983)); *Dandy v. United Parcel Service, Inc.*, 388 F.3d 263, 269 (7th Cir. 2004); *see also* 42 U.S.C. § 1981(b).

As discussed regarding Count II in section B, *supra.*, Dean alleges he engaged in protected activity during 2016 by filing an unspecific complaint of discrimination internally, complaining to "Human Resources" and others internally, including a counselor, and ultimately filed a charge of discrimination which also alleged retaliation with the EEOC on May 30, 2019. Complaint at p. 8 and Exhibit A. Dean claims that in response to this protected activity, the City subjected him to a hostile work environment and diminished his responsibility and authority. *Id.* at p. 9.

Any retaliation claim premised on any allegedly adverse actions taken more than four years before commencing this action on December 1, 2020 are time barred. *Jones,* 541 U.S. at 383. Accordingly, his Section 1981 retaliation claim (for which he must proceed *via* Section 1983) based on his June 30, 2016 layoff is untimely and must be dismissed.

**F.  Dean's request for punitive damages must be stricken.**

In the Complaint, Dean requests "compensatory and punitive damages in an amount to be determined at trial." Complaint at p. 11, section (a) of the "Wherefore" paragraph. It is well established that punitive damages are not recoverable from a municipal entity. *Kolar v. Sangamon Cty. of State of Ill.*, 756 F.2d 564, 567 (7th Cir. 1985) (as a general rule, local public entities are immune from punitive

damage awards in civil rights actions); *see also Sommerfield v. City of Chicago*, 2013 WL 4047606, at*15, (N.D. Ill. August 9, 2013) (as a municipality, the City could not be held liable for punitive damages under Title VII). Dean's request for punitive damages should therefore be stricken.

## IV. Conclusion

For the foregoing reasons, Defendant City of Chicago respectfully requests that this Court enter an order:

(a) dismissing Counts I, III, and IV of the Complaint;

(b) limiting Dean's Title VII retaliation claim in Count II to events occurring on or after August 3, 2018, up until the filing on his 2019 EEOC Charge;

(c) dismissing the Department of Innovation and Technology as a defendant from the Plaintiff's Complaint *with prejudice*;

(d) striking Dean's request for punitive damages; and

(e) amending the caption to reflect that the City of Chicago is the sole defendant in this matter.

Additionally, Defendant City of Chicago requests leave to file its Answer with fourteen days of the Court's ruling on this motion pursuant to Fed. R. Civ. P. 12(a)(4)(A).


Dated:  January 27, 2021                    Respectfully submitted,

                                            CELIA MEZA
                                            Acting Corporation Counsel of the City of Chicago

                                            By:  *s/ Kristen Woytowicz*
                                                    KRISTEN WOYTOWICZ
                                                    JESSICA R. DURKIN
                                                    Assistant Corporation Counsels

City of Chicago Department of Law
Employment Litigation Division
2 North La Salle Street, Suite 640
Chicago, Illinois 60602
(312) 744-0428/2836
Kristen.woytowicz3@cityofchicago.org
Jessica.durkin@cityofchicago.org